IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


CORWIN DELANO ORR,

               Plaintiff,

    v.

DERRICK PETERSON, MARK HALE-BROWN, STEVE PINA, and DARLENE FELIX,

               Defendants.

Civ. No. 3:14-cv-00833-AC

FINDINGS AND RECOMMENDATION

_____

ACOSTA, Magistrate Judge:

    *Pro se* Plaintiff Corwin Delano Orr ("Orr") filed this lawsuit against four employees of the Multnomah County Sheriff's Office ("MCSO") for constitutional and statutory violations which occurred while Orr was a prisoner at Multnomah County Detention Center ("MCDC"). Orr alleges claims arising out of 42 U.S.C. § 1983 for violations of his Fourth, Fifth, Eighth, and Fourteenth

FINDINGS & RECOMMENDATION - 1                         [RMD]

Amendments to the Constitution. (Am. Compl. at 4.) He also purports to allege claims for negligence. Defendants Derrick Peterson ("Peterson"), Mark Hale-Brown ("Hale-Brown"), Steve Pina ("Pina"), and Darlene Felix ("Felix") (collectively "Defendants") now move for summary judgment on all of Orr's claims. After careful review of the record, the court concludes Defendants are entitled to summary judgment.

*Factual Background*

Orr was arrested in February 2014 for possession of cocaine, resisting arrest, and attempted assault of a police officer. (Declaration of Jose Martinez ("Martinez Decl.") at ¶ 5, Ex. 1.) Following his arrest, Orr was housed in MCDC to await trial. (*Id.*) While Deputies attempted to book Orr, he became disruptive and verbally threatened deputies. (Martinez Decl. at ¶ 7.) At the resulting disciplinary hearing, the MCDC hearings officer imposed two consecutive fifteen-day periods of disciplinary segregation and a concurrent ten-day period of disciplinary segregation. (Martinez Decl. at ¶ 8, Ex. 3.)

During his term in segregation, Orr was housed primarily in administrative-segregation-unit 4B ("Unit 4B"). (*Id.*) Because it is a "segregation unit," MCDC policies restrict inmates housed in Unit 4B from certain privileges enjoyed by other MCDC prisoners in less-restrictive housing units. Notably, inmates "placed in administrative segregation do not have access to voluntary life skill programs or various forms of voluntary drug or alcohol treatment." (Martinez Decl. at ¶19.)

Inmates in disciplinary segregation also have more "limited access to law library services than inmates" in the general population. (Martinez Decl. at ¶ 20.) They must make requests for legal materials, which are delivered to them in their cell. (*Id.*) Orr sought access to law-library materials on several occasions while he was housed in Unit 4B. (Felix Decl. Ex. 1.) On five occasions

between March 2014 and June 2014, the law-library coordinator provided Orr with "packets" containing information about § 1983 claims. (Felix Decl., Ex. 1.)

Orr was housed in Unit 4B until his release from MCDC in June 13, 2014. (Martinez Decl. at ¶ 17.) On June 21, 2014, Orr returned to MCDC custody. (Martinez Decl. at ¶ 17.) Upon his return, Orr was housed in "therapeutic" housing units, and later a "close custody unit which is even less restrictive than administrative segregation." (Martinez Decl. at ¶ 17.)

*Procedural Background*

In May 2014, Orr filed his Complaint and supportive exhibits. Shortly thereafter, Orr amended his Complaint on June 4, 2014. (Dkt. No. 9.) The Amended Complaint contained the same claims for relief and was brought against the same four defendants, but contained new allegations. Orr also attached a new exhibit to the Amended Complaint. (Dkt. No. 9.) Defendants answered Orr's Amended Complaint on August 1, 2014, and moved for summary judgment. Orr did not file a response which addresses the arguments raised in Defendants' motion. Instead, on October 28, 2014, he filed with the court an "Affidavit of Fact" in which Orr disputes this court's "lawful delegation of jurisdiction." (Dkt. No. 30 at 1.)

*Legal Standard*

A court should grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the burden of establishing that no issue of fact exists and that the nonmovant cannot prove one or more essential elements of a claim or defense. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the movant meets his burden, the nonmovant must "go beyond the pleadings [ ] by her own affidavits . . . [to] designate specific facts showing that there

is a genuine issue for trial." *Id.* (internal quotation marks omitted). Conclusory allegations which are unsupported by factual material such as affidavits and documentary evidence are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

On summary judgment, the court is bound to view all facts in a light most favorable to the nonmovant and must draw all justifiable inferences in the nonmovant's favor. *Narayan v. EGI, Inc.*, 616 F.3d 895, 899 (9th Cir. 2010). Further, where the nonmoving party to a motion for summary judgment is a *pro se* litigant, the court must "construe liberally the filings and motions." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

*Discussion*

Orr's Amended Complaint alleges four claims, each brought against a different defendant. Instead of organizing his complaint according to the causes of action, each claim alleges multiple violations against one defendant. For example, in the space provided for the plaintiff to explain "what right under the Constitution, laws, or treaties of the United states has been violated," Orr writes: "Deprivation of due process, cruel and unusual punishment, preventing access to the courts and materials under the fourth and eighth amendments, deliberate indifferent [sic], negligence." (Am. Compl. at 4-11.) Because of the way Orr organized his Amended Complaint, the court's discussion is divided by defendant, rather than by theory of recovery. However, before the court reaches the merits of Orr's claims, it will address the jurisdictional challenge Orr advances in his "Affidavit of Fact."

I. Jurisdictional Challenge

Instead of filing a traditional response to Defendants' Motion to Dismiss, Orr filed an "Affidavit of Fact." (Dkt. No. 30.) In it, Orr contends that he has "not obtained from the court the

FINDINGS AND RECOMMENDATION - 4                                                                [RMD]

lawful delegation of jurisdiction to continue forth with this civil matter." (Dkt. No. 30 at 1.) Moreover, Orr argues the court has not "shown [j]udicial [a]uthority over the subject matter." (Dkt. No. 30 at 2.) Orr concludes by contending that "this Court[']s Delegation of Authority via an averment of jurisdiction is the lawful process to determine if this colorable court has Judicial Authority over this civil suit." (Dkt. No. 30 at 1.) Orr filed his case in federal district court and submitted to its jurisdiction. Therefore, the court construes Orr's argument to be a challenge to federal magistrate jurisdiction over his case, particularly over Defendants' Motion to Dismiss. The court concludes that under federal law, this court has jurisdiction to issue this Findings and Recommendation.

The Federal Magistrate Act of 1979 articulated the bounds of federal-magistrate-judge jurisdiction. That law grants federal magistrate judges jurisdiction to adjudicate all "pretrial" matters in civil cases except motions "for injunctive relief, for judgment on the pleadings, for summary judgment, . . . [and] to dismiss for failure to state a claim upon which relief can be granted." 28 U.S.C. § 636(b)(1)(A). Magistrate judges may adjudicate dispositive motions only if they have the mutual consent of the parties to that case. 28 U.S.C. § 636(b)(2). Where one or more party declines to give consent, the judge must issue his or her "findings and recommendations" ("F&R") analyzing the factual and legal merits of the dispositive motion. 28 U.S.C. § 636(b)(2). Thereafter, the parties are given an opportunity to object to the F&R, which is reviewed by an Article III judge. 28 U.S.C. § 636(b).

Here, the court is wholly within its jurisdiction to issue a F&R Defendants' Motion to Dismiss. If Orr believes this F&R contains legal or factual error, he may file objections which will be considered in due course by an Article III judge. Therefore, the court concludes Orr's challenge

FINDINGS AND RECOMMENDATION - 5                                    [RMD]

to this court's jurisdiction is without foundation, and is not grounds to deny Defendants' Motion to Dismiss.

II. Defendant Peterson

Orr's first claim for relief primarily alleges constitutional violations against Peterson. In particular, Orr alleges Peterson: (1) unlawfully delegated authority to address prisoner grievances to subordinates; (2) through his subordinates, unlawfully refused to move Orr to a new housing unit; (3) unlawfully supported the "restrictions imposed upon the [fourth] floor" administrative segregation unit" (Am. Compl. at 4-5); (4) unlawfully restricted Orr from participating in rehabilitative programs such as substance abuse, anger management classes, and mental health services. Because of these violations, Orr alleges he suffered "sleep [deprivation], mental anguish, "deep depression, high anxiety, and deep stress." (Am. Compl. at 5-6.) Orr alleges no facts which could plausibly form the basis for a negligence claim. Defendants argue Peterson is entitled to summary judgment because he cannot be held vicariously liable under a "supervisor liability" theory and because Orr does not allege a colorable constitutional claim.

*A. Supervisor Liability*

The only allegations Orr makes regarding Peterson's own acts or omissions which could give rise to a claim are that Peterson unlawfully delegated responsibility to address prisoner grievances to a subordinate and that Peterson "supported" the "restrictions" placed on Orr while he was housed in administrative segregation. The remainder of Orr's first claim for relief is premised on the theory that Peterson, as the supervising officer, is vicariously liable for the constitutional violations caused by other MCSO employees. Defendants argue Peterson is entitled to summary judgment because he cannot be held liable "by virtue of his position and rank." The court agrees with Peterson.

"There is no *respondeat superior* liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, a supervisor is liable for constitutional violations of his subordinates only "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Absent a positive act on behalf of the supervisor, the plaintiff must show an "affirmative link" between the supervisor's acts and the alleged constitutional violation. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).

Here, only one of Orr's claims could possibly proceed on a theory of supervisory liability. Orr alleges that Peterson "is well aware of the restrictions imposed upon the fourth floor population," including restrictions on participating in rehabilitative programs, but "doesn't address these impositions other than by way of support." (Am. Compl. at 5.) Thus, if Orr can prove that withholding rehabilitative programs is a constitutional violation, he may proceed under a supervisory liability theory. However, courts have repeatedly held that prisoners do not have a constitutional right to rehabilitation, including rehabilitative programs and services. *Marshall v. U.S.*, 414 U.S. 417, 421 (1974) (no fundamental right to rehabilitation from narcotics addiction), *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (no constitutional right to rehabilitation in the context of a vocational instruction course). Thus, Orr cannot succeed on his claim that Peterson is liable for "supporting" restrictions on access to rehabilitative programs.

### B. Unlawful Delegation of Authority

The only remaining claim Orr levies against Peterson is that he unlawfully delegated to subordinates the authority to respond to inmate grievances. Orr alleges Pina responded to Orr's inmate grievances "based on unfounded authority and supported by Captain Peterson." The court concludes Orr may not state a claim based on this allegation, and Peterson is entitled to summary

judgment.

Although the court is skeptical whether "unlawful delegation of authority" may ever give rise for a prisoner civil-rights claim under § 1983, the court need not address the merits of Orr's claim because, even if it were a cognizable claim, Orr lacks standing to raise it.[1] Article Three of the Constitution provides that "[t]he judicial power [of the United States] shall extend to all cases . . . [and] to Controversies . . . ." U.S. CONST. art III. Courts have held that this "case and controversy" clause requires that litigants have "standing" to pursue their legal claims. *Wolfson v. Brammer*, 616 F.3d 1045, 1056 (9th Cir. 2010). "At an irreducible constitutional minimum, standing requires" a plaintiff to show: "(1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) causation; and (3) a likelihood that a favorable decision will redress the injury." *Id.* Here, Orr does not establish these three elements. Although Orr alleges a litany of mental and psychological injuries, he does not demonstrate how those injuries were caused by having his inmate grievances addressed by Pina instead of Peterson. Further, he does not allege or otherwise demonstrate the causal link between his injuries and Peterson's "unlawful" delegation of authority. Orr lacks standing to pursue his claim for "unlawful delegation," and the court finds in the alternative that he has not supported the claim with any evidence. Accordingly, Peterson is entitled to summary judgment on all of Orr's claims.

III. Defendant Hale-Brown

Orr alleges Hale-Brown violated his constitutional rights by limiting Orr's access to reading materials and rehabilitative programs. Specifically, Orr alleges in his second claim for relief that

---

[1] Although Defendants do not argue Orr lacks standing, the court has a *sua sponte* duty to consider issues of justicability. *Bernhardt v. County of L.A.*, 279 F.3d 862, 868 (9th Cir. 2002).

FINDINGS AND RECOMMENDATION - 8 [RMD]

Hale-Brown "consistently refused [Orr's] request for . . . services." He also alleges Hale-Brown failed to give him notice that he would be denied these services and "refuses to change the 4B small book shelf library because this action falls under counseling services." (Am. Compl. at 6-7.) Because these allegations do not allege a constitutional violation, the court should grant Hale-Brown's motion for summary judgment.

As the court discussed *supra*, inmates have no constitutional right to rehabilitation or to rehabilitative services. *Marshall*, 414 U.S. at 421, *Rizzo*, 778 F.2d at 530. Nor does Orr have a constitutional right any reading materials he wishes. Prisoners have a right to access to the courts, including reasonable access to a law library. *Meeks v. Cal. Dep't of Corr.*, 5 F.3d 538, *2 (9th Cir. 1993) (unpublished), *Toussaint v. McCarthy*, 926 F.2d 800, 803 (9th Cir. 1991). However, that right to library access is limited to "getting books that will help [prisoners] with a case attacking their conviction or complaining of their treatment." *Id.* No authority exists for the proposition that this right extends to require prisons to provide prisoners with educational books or other reading materials for the prisoners' entertainment. Thus, Orr's claims against Hale-Brown fail as a matter of law, and the court should grant summary judgment in favor of Hale-Brown.

## IV. Defendant Pina

Orr's third claim for relief alleges constitutional violations by Pina by denying him rehabilitative services. However, as discussed above, Orr does not have a constitutional right to rehabilitative services. Thus, the court should grant Pina summary judgment.

V. Defendant Felix

Orr's fourth claim for relief alleges that Felix violated his constitutional rights by refusing him access to the law library and legal-research materials. Defendants move for summary judgment and argue Orr has not pleaded, and cannot demonstrate, that he suffered an injury caused by Felix allegedly denying him access to the law library. The court agrees with Felix, and recommends summary judgment in her favor.

"It is . . . established beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 822 (1977). Flowing naturally from this right is the right to access to "a law library or other legal assistance" to allow prisoners to defend themselves against criminal charges, file habeas corpus petitions, or vindicate their fundamental civil rights. *Id.* at 827. Courts throughout the country have provided prisons and jails significant leeway in crafting creative ways to fulfill this right, but it is unquestioned that prisoners are entitled to meaningful legal resources. *Id.*

However, like any other case, a prisoner seeking to bring suit for insufficient access to legal resources must plead the three elements of standing to move forward with his or her claim. In particular, he or she must plead that a concrete and particularized injury resulted from their lack of access. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). In *Lewis*, the Supreme Court vacated a broad remedial order by a special master mandating that a state's prison system adopt significant new procedures to ensure prisoners' access to legal resources. *Id.* In part, the Supreme Court determined the class plaintiffs failed to allege they suffered injuries caused by their inability to access a law library. *Id.* Moreover, the Court held the prisoners' injuries must be the kind which traditionally flow from denial of access to a law library. *Id.* It reasoned that even if a prison's law library fell

below that guaranteed by the constitution, the prison's "program would remain in place at least until some inmate could demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 353.

Here, Defendants' declarations and exhibits put into question Orr's allegations that Felix repeatedly denied his requests for law-library resources and other materials necessary to pursue his civil claim. (Felix Decl. Ex. 1.) Because Orr did not meaningfully respond to Defendants' motion for summary judgment, he does not raise a genuine issue of material fact. However, the court need not reach the constitutionality of MCDC law-library policies because Orr fails to plead that he suffered injury by having a "nonfrivolous legal claim" frustrated by his lack of access. Instead, he alleges he suffered emotional distress and sleep deprivation. These are not the types of injuries contemplated by the court in *Lewis*, and do not meet the injury requirement established in that case. Because Orr cannot prove a necessary element for a claim under § 1983, Felix is entitled to summary judgment.

*Conclusion*

For the aforementioned reasons, the court should GRANT Defendants' motion for summary judgment.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due April 23, 2015. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and

Recommendation will go under advisement.

DATED this 9th day of April, 2015.

                                                JOHN V. ACOSTA
                                        United States Magistrate Judge